1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>WESTECH AEROSOL CORPORATION,<br><br>     Defendant. | CASE NO.  3:18-cv-5683<br><br>COMPLAINT |

  The United States of America, on behalf of its agency, the United States

Environmental Protection Agency (EPA), files this Complaint against Defendant

Westech Aerosol Corporation (Westech).  As detailed in the allegations below, the

United States bases this Complaint on Westech's failure to pay civil penalties for

violating the Clean Air Act, 42 U.S.C. §§ 7401-7515, as required by the Consent

Agreement and Final Order that Westech entered with EPA in 2012.  The United

States alleges as follows:

//

//

Complaint
USA v. Westech Aerosol Corporation, Case No. 3:18-cv-5683 - 1

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 & 1345, and 42 U.S.C. § 7413(d)(5).

2.      Venue is proper in the Western District of Washington under the venue provision for the recovery of fines, penalties, or forfeitures, 28 U.S.C. § 1395(a), and the general venue provision, 28 U.S.C. § 1391(b), because the civil penalties the United States seeks to collect accrued in this district, where Westech owns and operates a manufacturing facility in Kitsap County, Washington.

**PARTIES**

3.      The Plaintiff is the United States, which has acted through the EPA. The EPA has authority to enforce the Clean Air Act under 42 U.S.C. § 7413.

4.      The Defendant is Westech Aerosol Corporation, which does business within the Western District of Washington.  At all times relevant to this action, Westech owned and operated a facility in Kitsap County, Washington that manufactured and packed adhesive spray applications.

**REGULATORY BACKGROUND**

5.      Section 112(r) of the Clean Air Act, 42 U.S.C. § 7412(r), and its implementing regulations at 40 C.F.R. Part 68, require the owner and operator of a stationary source at which a regulated substance is present in more than a threshold quantity to develop and implement a risk management plan.  The risk management plan must address how the owner/operator will detect and prevent or minimize accidental releases of such substances from the stationary source and

1  provide a prompt emergency response to any such releases to protect human

2  health and the environment.

3      6.      40 C.F.R. § 68.150 requires that an owner or operator of a stationary

4  source that has more than a threshold quantity of a regulated substance in a

5  process submit a risk management plan to EPA no later than the latest of the

6  following dates: (1) June 21, 1999; (2) three years after the date on which a

7  regulated substance is first listed under § 68.130; or (3) the date on which a

8

9  regulated substance is first present above a threshold quantity in a process.

10     7.      40 C.F.R. § 68.3 defines "stationary source" as any buildings,

11

12 structures, equipment, installations, or substance-emitting stationary activities

13 which belong to the same industrial group, are located on one or more contiguous

14

15 properties, are under the control of the same person (or persons under common

16 control), and from which an accidental release may occur.

17     8.      40 C.F.R. § 68.3 defines "regulated substance" as any substance

18

19 listed pursuant to Section 112(r)(3) of the Clean Air Act, 42 U.S.C. § 7412(r)(3), in

20 40 C.F.R. § 68.130.

21     9.      40 C.F.R. § 68.3 defines "threshold quantity" as the quantity specified

22

23 for regulated substances pursuant to Section 112(r)(5) of the Clean Air Act, 42

24 U.S.C. § 7412(r)(5), in 40 C.F.R. § 68.130.  The threshold quantity for propane and

25 isobutane is 10,000 pounds, as listed in 40 C.F.R. § 68.130 and determined to be

26 present at a stationary source as specified in 40 C.F.R. § 68.115.

27

28

Complaint
USA v. Westech Aerosol Corporation, Case No. 3:18-cv-5683 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10.    40 C.F.R. § 68.3 defines "process" as any activity involving a regulated substance including any use, storage, manufacturing, handling or on-site movement of such substances, or combination of these activities.

11.    Under 40 C.F.R. § 68.115, a threshold quantity of a regulated substance listed in 40 C.F.R. § 68.130 is "present at a stationary source" if the total quantity of the regulated substance contained in a process exceeds the threshold.

## FACTS

### Westech violated the Clean Air Act

12.    Westech owned and operated a manufacturing facility that constituted a "stationary source" in Kitsap County, Washington from at least January 1, 2007, through November 8, 2011.

13.    At Westech's stationary source facility in Kitsap County, Washington, propane and isobutane were present in a process above the 10,000-pound threshold quantity from at least January 1, 2007, through November 8, 2011.

14.    Despite the presence of propane and isobutane above the threshold quantity since at least January 1, 2007, Westech did not submit a Risk Management Plan to EPA until November 8, 2011.

15.    Westech's failure to submit a Risk Management Plan to EPA from January 1, 2007 through November 7, 2011, violated the Clean Air Act, 42 U.S.C. § 7412(r)(7)(B)(ii).  *See also* 40 C.F.R. § 68.150.

Complaint
USA v. Westech Aerosol Corporation, Case No. 3:18-cv-5683 - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### *Westech and EPA entered a Consent Agreement and Final Order*

16.     To resolve its violation of the Clean Air Act described above, Westech entered into a Consent Agreement and Final Order (Agreement) with the EPA.  An EPA Regional Judicial Officer signed the Agreement and it became effective on September 28, 2012.

17.     The Agreement constituted "a settlement by EPA of all claims for civil penalties pursuant to the [Clean Air Act] for" Westech's alleged violations. Agreement (Exhibit A hereto) at ¶ 5.2.

18.     Under the Agreement, Westech "expressly waive[d] any rights to contest the allegations and to appeal the Final Order contained [t]herein." Agreement at ¶ 4.3.

19.     The Agreement imposed a civil penalty of $30,000.00 on Westech. Agreement at ¶ 4.6.

20.     Westech agreed to pay its $30,000.00 civil penalty according to the following schedule:  "a payment of $5,000 within thirty (30) days of the effective date of the [Agreement], then a payment of $12,750, which includes $250 in interest, within one year of the effective date of the [Agreement], and a final payment of $12,625, which includes $125 in interest, within two years of the effective date of the [Agreement]."  Agreement at ¶ 4.7.

21.     From the effective date of the Agreement, interest accrues at the rate prescribed by 26 U.S.C. § 6621(a)(2) on any civil penalty balance that remains

Complaint
USA v. Westech Aerosol Corporation, Case No. 3:18-cv-5683 - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

unpaid more than thirty days after the effective date of the Agreement.  Agreement at ¶ 4.9(a).

22.    The Agreement provides that if Westech fails to pay the civil penalty "in full by its due dates, the entire unpaid balance of penalty and accrued interest shall become immediately due and owing."  Agreement at ¶ 4.9.

23.    The Agreement further provides that if Westech fails "to pay the assessed penalty and interest on a timely basis, [Westech] shall also be required to pay the United States' enforcement expenses, including but not limited to attorneys fees and costs incurred by the United States for collection proceedings, and a quarterly nonpayment penalty for each quarter during which such failure to pay persists."  Agreement at ¶ 4.9(b).  The quarterly nonpayment penalty is "ten percent of the aggregate amount of [Westech's] outstanding [civil] penalties and nonpayment penalties accrued from the beginning of such quarter."  Agreement at ¶ 4.9(b).  *See also* 42 U.S.C. § 7413(d)(5)(B) (final sentence).

### Westech defaulted on its payments under the Agreement

24.    Westech made its initial $5,000.00 payment under the Agreement in October 2012, but defaulted on the $12,750.00 payment that was due September 28, 2013 (one year after the effective date of the Agreement).

25.    Other than the one $5,000.00 payment in October 2012, Westech has not made any further payments towards the debt it owes under the Agreement.

Complaint
USA v. Westech Aerosol Corporation, Case No. 3:18-cv-5683 - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNT 1 - Failure to pay as required by the Agreement

26.     The United States incorporates by reference all preceding paragraphs of this Complaint.

27.     Westech has defaulted on its payments of civil penalties under the Agreement by failing to make payments that were due on September 28, 2013, and September 28, 2014.

28.     Accordingly, the United States may enforce Westech's payment obligations via this civil action, as authorized by 42 U.S.C. § 7413(d)(5).

29.     In this action to enforce Clean Air Act civil penalties, "the validity, amount, and appropriateness" of the administrative order that imposed the civil penalties "shall not be subject to review."  42 U.S.C. § 7413(d)(5).

30.     As of August 15, 2018, Westech owes $25,000.00 in principal civil penalties, plus accrued interest, quarterly nonpayment penalties, collection fees and costs, and attorney's fees.

### RELIEF REQUESTED

Wherefore, the United States requests that the Court enter judgment in its favor and against Westech Aerosol Corporation, as follows:

A.     Civil penalties in the amount of $25,000.00, plus accrued interest and quarterly nonpayment penalties;

B.     Fees and costs incurred by the United States for collection proceedings;

Complaint
USA v. Westech Aerosol Corporation, Case No. 3:18-cv-5683 - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    C.    The United States' reasonable attorney's fees for bringing this action;

2  and

3    D.    All other relief in favor of the United States that the Court deems just

4
5  and equitable.

6        Dated:  August 20, 2018.

7                                                    Respectfully submitted,

8
9                                                    ANNETTE L. HAYES
                                                     United States Attorney

10
11                                                   s/  Kyle A. Forsyth
                                                     KYLE A. FORSYTH, WSBA # 34609
12                                                   Assistant United States Attorney
                                                     United States Attorney's Office
13                                                   700 Stewart Street, Suite 5220
                                                     Seattle, WA 98101
14                                                   Phone:  206-553-7970
                                                     Fax:  206-553-4067
15                                                   E-mail:  kyle.forsyth@usdoj.gov

16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint
USA v. Westech Aerosol Corporation, Case No. 3:18-cv-5683 - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government
  Plaintiff
- ❑ 2  U.S. Government
  Defendant
- ❑ 3  Federal Question
  *(U.S. Government Not a Party)*
- ❑ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer Protection Act |
| ❑ 190 Other Contract | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | | | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| | | | ❑ 791 Employee Retirement Income Security Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 895 Freedom of Information Act |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 950 Constitutionality of State Statutes |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❑ 1  Original Proceeding
- ❑ 2  Removed from State Court
- ❑ 3  Remanded from Appellate Court
- ❑ 4  Reinstated or Reopened
- ❑ 5  Transferred from Another District *(specify)*
- ❑ 6  Multidistrict Litigation - Transfer
- ❑ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     ❑ Yes    ❑No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE _____     SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>_____<br>*Plaintiff(s)*<br>)<br>v. )<br>)<br>)<br>)<br>_____<br>)<br>*Defendant(s)* ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

TO: *(Defendant's name and address)*

 

 

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:

 

 

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

RECEIVED

12 SEP 28  AM 9: 33

HEARINGS CLERK
EPA--REGION 10

BEFORE THE
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| Westech Aerosol, Inc. | ) | Docket No. CAA-10-2012-0025 |
| | ) | |
| Port Orchard, Washington | ) | CONSENT AGREEMENT |
| | ) | AND FINAL ORDER |
| Respondent. | ) | |
| | ) | |
| | ) | |

## I. **AUTHORITY**

1.1.    This Consent Agreement and Final Order ("CAFO") is issued under the authority vested in the Administrator of the United States Environmental Protection Agency ("EPA") by Section 113(d) of the Clean Air Act ("CAA" or "the Act"), 42 U.S.C. § 7413(d).

1.2.    The Administrator has delegated the authority to issue the Final Order contained in Part V of this CAFO to the Regional Administrator of EPA Region 10.  The Regional Administrator of EPA Region 10 has redelegated this authority to the Regional Judicial Officer.

1.3.    Pursuant to Section 113(d) of the CAA and in accordance with the "Consolidated Rules of Practice Governing the Administrative Assessment of Civil Penalties," 40 C.F.R. Part 22, EPA hereby issues, and Westech Aerosol, Inc. ("Respondent") hereby agrees to the issuance of, the Final Order contained in Part V of this CAFO.

Consent Agreement and Final Order
Westech Aerosol, Inc.
Docket No. CAA-10-2012-0025
Page 1 of 9

US Environmental Protection  Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington  98101
(206) 553-1037

1.4.   The EPA Administrator and the Attorney General for the United States Department of Justice have jointly determined that this action, which includes the allegation that a CAA violation commenced more than 12 months ago, but does not seek more than $295,000 in CAA penalties, is an appropriate administrative penalty action under Section 113(d)(1) of the CAA, 42 U.S.C. § 7413(d)(1).

## II.  PRELIMINARY STATEMENT

2.1.   In accordance with 40 C.F.R. §§ 22.13(b) and 22.18, issuance of this CAFO commences this proceeding, which will conclude when the Final Order contained in Part V of this CAFO becomes effective.

2.2.   The Director of the Office of Compliance and Enforcement, EPA Region 10, has been delegated the authority to sign consent agreements between EPA and the party against whom a penalty is proposed to be assessed pursuant to Section 113(d) of the CAA, 42 U.S.C. § 7413(d).

2.3.   Respondent is a corporation formed in the State of Washington.

2.4.   Respondent owns and operates a facility that manufactures and packages adhesive spray applications located at 5405 Constance Drive SW, Port Orchard, Washington.

2.5.   A concise statement of the factual basis for alleging violations of the CAA, together with specific references to the provisions of the CAA and implementing regulations Respondent is alleged to have violated, appears in Part III of this CAFO.

## III.  ALLEGATIONS

3.1.   Section 112(r) of the CAA, 42 U.S.C. § 7412(r), and its implementing regulations at 40 C.F.R. Part 68 require the owner and operator of a stationary source at which a regulated substance is present in more than a threshold quantity to develop and implement a risk management plan ("RMP") to detect and prevent or minimize accidental releases of such substances from the stationary source and to provide a prompt

Consent Agreement and Final Order
Westech Aerosol, Inc.
Docket No. CAA-10-2012-0025
Page 2 of 9

US Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
(206) 553-1037

emergency response to any such releases in order to protect human health and the environment.

3.2.    40 C.F.R. § 68.150 requires that an owner or operator of a stationary source that has more than a threshold quantity of a regulated substance in a process submit an RMP to EPA no later than the latest of the following dates: (1) June 21, 1999; (2) three years after the date on which a regulated substance is first listed under § 68.130; or (3) the date on which a regulated substance is first present above a threshold quantity in a process.

3.3.    40 C.F.R. § 68.3 defines "stationary source" as any buildings, structures, equipment, installations, or substance-emitting stationary activities which belong to the same industrial group, which are located on one or more contiguous properties which are under the control of the same person (or persons under common control), and from which an accidental release may occur.

3.4.    40 C.F.R. § 68.3 defines "regulated substance" as any substance listed pursuant to Section 112(r)(3) of the CAA, and 40 C.F.R. § 68.130.  Propane and isobutane are listed as a regulated substance in 40 C.F.R. § 68.130.

3.5.    40 C.F.R. § 68.3 defines "threshold quantity" as the quantity specified for regulated substances pursuant to Section 112(r)(5) of the CAA, in 40 C.F.R. § 68.130. The threshold quantity for propane and isobutane is 10,000 pounds, as listed in 40 C.F.R. § 68.130.

3.6.    40 C.F.R. § 68.3 defines "process" as any activity involving a regulated substance including any use, storage, manufacturing, handling, or on-site movement of such substance, or combination of these activities.

3.7.    Under 40 C.F.R. § 68.115, a threshold quantity of a regulated substance listed in 40 C.F.R. § 68.130 is "present at a stationary source" if the total quantity of the regulated substance contained in a process exceeds the threshold quantity.

Consent Agreement and Final Order
Westech Aerosol, Inc.
Docket No. CAA-10-2012-0025
Page 3 of 9

US Environmental Protection  Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington  98101
(206) 553-1037

EXHIBIT A
Page 3 of 10

3.8.     Respondent owns a stationery source where propane and isobutane have been present in a process above the 10,000-pound threshold quantity since at least January 1, 2007. Therefore, Respondent was required to submit an RMP for the facility.

3.9.     Respondent's failure to submit and have in place an RMP for the facility by January 1, 2007, is a violation of Section 112(r) of the CAA and 40 C.F.R. § 68.150. Respondent submitted an RMP to EPA as required by Section 112(r) and 40 C.F.R. § 68.150 on November 8, 2011.

## IV.  CONSENT AGREEMENT

4.1.     Respondent admits the jurisdictional allegations contained in Part III of this CAFO.

4.2.     Respondent neither admits nor denies the specific factual allegations contained in Part III of this CAFO.

4.3.     Respondent expressly waives any rights to contest the allegations and to appeal the Final Order contained herein.

4.4.     The provisions of this CAFO shall bind Respondent and its successors, and assigns.

4.5.     Except as provided in Paragraph 4.10., below, each party shall bear its own costs in bringing or defending this action.

4.6.     Pursuant to Section 113(e) of the CAA, 42 U.S.C. § 7413(e), taking into consideration the size of Respondent's business, the economic impact of the proposed penalty on Respondent's business, Respondent's full compliance history and good faith efforts to comply, cooperation with EPA, the duration of the violation as established by any credible evidence, the economic benefit of noncompliance, and the seriousness of the

Consent Agreement and Final Order
Westech Aerosol, Inc.
Docket No. CAA-10-2012-0025
Page 4 of 9

US Environmental Protection  Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington  98101
(206) 553-1037

EXHIBIT A
Page 4 of 10

violation (in addition to such other factors as justice may require), EPA and Respondent agree that an appropriate penalty to settle this action is $30,000.00.

4.7.    Respondent consents to the issuance of the Final Order recited herein and to payment of the civil penalty cited in Paragraph 4.6 according to the following schedule: a payment of $5,000 within thirty (30) days of the effective date of the CAFO, then a payment of $12,750, which includes $250 in interest, within one year of the effective date of the CAFO, and a final payment of $12,625, which includes $125 in interest, within two years of the effective date of the CAFO.

4.8.    Payments under this CAFO shall be made by cashier's check or certified check, payable to the order of "Treasurer, United States of America " and shall be delivered to the following address:

> U.S. Environmental Protection Agency
> Fines and Penalties
> Cincinnati Finance Center
> P.O. Box 979077
> St. Louis, MO 63197-9000

Respondent shall note on the check the title and docket number of this case.  Respondent may also pay the penalty by wire transfer in accordance with instructions provided by EPA.  Respondent shall serve a photocopy of the check or documentation of wire transfer on the Regional Hearing Clerk and EPA at the following two addresees:

> Regional Hearing Clerk
> U.S. Environmental Protection Agency, Region 10
> Mail Stop ORC-158
> 1200 Sixth Avenue, Suite 900
> Seattle, Washington  98101

Consent Agreement and Final Order
Westech Aerosol, Inc.
Docket No. CAA-10-2012-0025
Page 5 of 9

US Environmental Protection  Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington  98101
(206) 553-1037

EXHIBIT A
Page 5 of 10

Javier Morales
Office of Environmental Cleanup
U.S. Environmental Protection Agency, Region 10
Mail Stop ECL-116
1200 Sixth Avenue, Suite 900
Seattle, Washington  98101

4.9.     Should Respondent fail to pay the penalty assessed by this CAFO in full

by its due dates, the entire unpaid balance of penalty and accrued interest shall become

immediately due and owing.  Should such a failure to pay occur, Respondent may be

subject to a civil action pursuant to Section 113(d)(5) of the CAA,

42 U.S.C. § 7413(d)(5), to collect any unpaid penalties, together with interest, handling

charges, and nonpayment penalties, as set forth below.  In any such collection action, the

validity, amount, and appropriateness of the penalty shall not be subject to review.

        a.     Interest.  Pursuant to Section 113(d)(5) of the CAA, 42 U.S.C.

§ 7413((d)(5) of any unpaid portion of the assessed penalty shall bear interest at the rate

established pursuant to 26 U.S.C. § 6621(a)(2) from the effective date of the Final Order,

provided, however, that no interest shall be payable on any portion of the assessed

penalty that is paid within 30 days of the effective date of the Final Order .

        b.     Attorney Fees, Collection Costs, Nonpayment Penalty.  Pursuant to

Section 113(d)(5) of the CAA, 42 U.S.C. § 7413((d)(5), should Respondent fail to pay

the assessed penalty and interest on a timely basis, Respondent shall also be required to

pay the United States' enforcement expenses, including but not limited to attorneys fees

and costs incurred by the United States for collection proceedings, and a quarterly

nonpayment penalty for each quarter during which such failure to pay persists.  Such

nonpayment penalty shall be ten percent of the aggregate amount of Respondent's

outstanding penalties and nonpayment penalties accrued from the beginning of such

quarter.

Consent Agreement and Final Order                                    US Environmental Protection  Agency
Westech Aerosol, Inc.                                                        1200 Sixth Avenue, Suite 900
Docket No. CAA-10-2012-0025                                        Seattle, Washington  98101
Page 6 of 9                                                                   (206) 553-1037

EXHIBIT A
Page 6 of 10

4.10.   The penalty described in Paragraph 4.6, including any additional costs incurred under Paragraph 4.9, above, represents an administrative civil penalty assessed by EPA and shall not be deductible for purposes of federal taxes.

4.11.   This CAFO shall not relieve Respondent of its obligation to comply with all applicable provisions of federal, state, or local law, nor shall it be construed to be a ruling on, or determination of, any issue related to any federal, state, or local permit.

4.12.   Respondent represents that it is duly authorized to execute this CAFO and that the party signing this CAFO on its behalf is duly authorized to bind Respondent to the terms of this CAFO.  This CAFO may be executed in multiple counterparts, each of which shall be deemed to have the same force and effect as an original.

Consent Agreement and Final Order
Westech Aerosol, Inc.
Docket No. CAA-10-2012-0025
Page 7 of 9

US Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
(206) 553-1037

EXHIBIT A
Page 7 of 10

4.13.   Compliance with all the terms and conditions of this CAFO shall result in full settlement and satisfaction of all claims for penalties alleged in Part III above.

STIPULATED AND AGREED:

FOR WESTECH AEROSOL, INC.

*signature*
_____          Dated: _9/26/12_
Signature

Print Name: _DAVID W. CARNAHAN_

Title: _CHAIRMAN_

FOR U.S. ENVIRONMENTAL PROTECTION AGENCY
REGION 10

*signature*
_____          Dated: _9/27/2012_
Edward J. Kowalski, Director
Office of Compliance and Enforcement

Consent Agreement and Final Order
Westech Aerosol, Inc.
Docket No. CAA-10-2012-0025
Page 8 of 9

US Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
(206) 553-1037

## V.  **FINAL ORDER**

5.1.    The terms of the foregoing Consent Agreement are hereby ratified and incorporated by reference into this Final Order.  Respondent is hereby ordered to comply with the foregoing terms of settlement.

5.2.    This CAFO constitutes a settlement by EPA of all claims for civil penalties pursuant to the CAA for the violations alleged in the Consent Agreement above. In accordance with 40 C.F.R. § 22.31(a), nothing in this CAFO shall affect the right of EPA or the United States to pursue appropriate injunctive or other equitable relief or criminal sanctions for any violations of law.  This CAFO does not waive, extinguish, or otherwise affect Respondent's obligations to comply with all applicable provisions of the CAA and regulations and permits issued thereunder.

5.3.    This Final Order shall become effective upon filing.

SO ORDERED this 28th day of September, 2012

Thomas M. Jahnke
Regional Judicial Officer
U.S. Environmental Protection Agency
Region 10

Consent Agreement and Final Order
Westech Aerosol, Inc.
Docket No. CAA-10-2012-0025
Page 9 of 9

US Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
(206) 553-1037

<u>Certificate of Service</u>

The undersigned certifies that the original of the attached **CONSENT AGREEMENT AND FINAL ORDER, In the Matter of Westech Aerosol, Inc., Docket No.:CAA-10-2012-0025**, was filed with the Regional Hearing Clerk and served on the addressees in the following manner on the date specified below:

The undersigned certifies that a true and correct copy of the document was delivered to:

Robert Hartman, Esquire
U.S. Environmental Protection Agency
1200 Sixth Avenue, ORC-158
Suite 900
Seattle, Washington   98101

Further, the undersigned certifies that a true and correct copy of the aforementioned document was placed in the United States mail certified/return receipt to:

Jeffrey Eustis
Aramburu & Eustis, LLP
720 Third Avenue, Ste 2112
Seattle, WA  98104-1860

DATED this 28th day of Sept, 2012

Signature

Candace H. Smith
Regional Hearing Clerk
EPA Region 10